IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| George D. Jackson, ) | C/A NO. 4:08-2340-CMC-TER |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Warden, Tyger River Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On July 27, 2009, the Magistrate Judge issued a Report recommending that Petitioner's motion for summary judgment be denied, Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on August 13, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Petitioner's objections are merely a reassertion of argument made in the Petition. Petitioner also argues that the Report "failed to make a ruling upon the A, B, C forms of Chemical Analysis 'Chain of Custody.'" Obj. at 5 (Dkt. # 27, filed Aug. 13, 2009). It appears that Petitioner references argument made in his ""Notice of Petition for Bond Appeal," Dkt. # 22 (filed May 29, 2009), wherein he argues his conviction is void because of alleged tampering with evidence and "contradictory" reports. Notice at 5. This argument is not presented in the Petition, and Petitioner makes no motion to amend the Petition to include it. However, to the extent it could be a viable ground for relief, the court finds that it suffers from the same problems as many of the other claims raised by Petitioner. This claim was not raised in, nor ruled upon by, the state courts. Therefore, this matter has not been "fairly presented" to the state courts and is procedurally defaulted. *Matthews v. Evatt*, 105 F.3d 907, 910 (4th Cir. 1997).

Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Petitioner's motion for summary judgment is **denied** and Respondent's motion for summary judgment is **granted**. This Petition is dismissed with prejudice.[1]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 19, 2009

---

[1]Petitioner's motion for bond is **moot**.